# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHALYNN F. PADDOCK, M.B. and A.P., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW BALLOU; BRIANA DIXON; COUNTY OF CANYON, a public entity; IDAHO DEPARTMENT OF HEALTH AND WELFARE CPA; RAYCHELLE MINDEN, in her individual capacity; MIRANDA SQUIBB, in her individual capacity; JASMINE OLMEDO, in her individual capacity; ARACELI LUNA, in her individual capacity; CALDWELL POLICE DEPARTMENT; OFFICER T. EDWARDS, in his individual capacity; OFFICER DEFUR, in his individual capacity KIDS SERVICES, INC. of Caldwell, Canyon County, Idaho; and JOHN AND JANE DOES 1-50, <br><br> Defendants. | Case No. 1:18-cv-00005-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Shalynn Paddock's Motion for Entry of Default Judgment. Dkt. 47. This Motion is premature and procedurally improper; therefore, the Court will DENY the Motion. Additionally, this case has other procedural flaws that preclude default judgment in the first place. The Court will address these issues as well.

MEMORANDUM DECISION AND ORDER - 1

## II. DISCUSSION

Paddock requests entry of default judgment against each of the defendants who have failed to appear in this case. Paddock makes the request under Federal Rule of Procedure 55(b) and asks the Court to enter judgment in the amount of $500,000 as requested in her Complaint. Dkt. 1.

Paddock fails to understand the two-step process required by Rule 55. When a defendant has "failed to pled or otherwise defend," the clerk must enter the party's default. Fed. R. Civ. P. 55(a). This is a prerequisite to default judgement under Rule 55(b). *See generally* Fed. R. Civ. P. 55; *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). Paddock, however, has not asked the clerk to enter default. This is the first reason the Court must deny Paddock's Motion. Additionally, if the clerk enters a party's default under Rule 55(a), Rule 55(b) outlines when the clerk must enter default judgment and when the Court must enter default judgment. The main distinction between the two is that if the claim is for a "sum certain or a sum that can be made certain by computation," the clerk can enter default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, however, the Court must enter default judgment. Fed. R. Civ. P. 55(b)(2). Contrary to Paddock's assertion, the generic request of $500,000 in her Complaint for damages does not qualify as a sum certain. *See Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.,* 375 F.3d 922, 929 (9th Cir. 2004).

Second, Rule 55(b)(1) only applies to defendants that have defaulted for failure to appear under Rule 55(a) and a person can only fail to appear if he or she had proper service of the lawsuit. As just noted, because the amount requested is not a sum certain,

MEMORANDUM DECISION AND ORDER - 2

the Court would most likely need to undertake default judgment proceedings under Rule 55(b)(2) anyway—which requires notice to all parties—but that aside, Paddock has failed to properly serve the parties she requests default against in the first place. In other words, Paddock cannot seek Rule 55(b) default judgment because she has not sought a Rule 55(a) clerk's entry of default and she cannot seek a Rule 55(a) clerk's entry of default because she has not correctly served the defendants against whom she seeks default judgment. This is the second reason the Court must deny Paddock's Motion.

In this case, there are twelve Defendants. Three of the Defendants have filed appearances (and subsequently moved for dismissal of this action). Paddock's Motion for Entry of Default is against the remaining nine Defendants. Paddock, however, has not properly served these Defendants and/or some of them are not even proper parties in this lawsuit. The status of the Defendants in this case is as follows:

ANDREW BALLOU: Paddock served this Defendant (Dkt. 15), and he has made an appearance (Dkt. 3).

BRIANA DIXON: Paddock served this Defendant (Dkt. 14), and she has made an appearance (Dkt. 4).

KIDS SERVICES, INC. of Caldwell, Canyon County, Idaho: Paddock served this Defendant (Dkt. 12), and it has made an appearance (Dkt. 10).

COUNTY OF CANYON, a public entity: Paddock incorrectly served Canyon County Prosecuting Attorney (Dkt. 17) in lieu of this Defendant. *See* I.R.C.P. 4(d)(4).[1] Paddock must correctly serve this Defendant.

IDAHO DEPARTMENT OF HEALTH AND WELFARE CPA: Paddock incorrectly served Canyon County Prosecuting Attorney (Dkt. 16) in lieu of this Defendant. *See* I.R.C.P. 4(d)(4). Paddock must correctly serve this Defendant.

RAYCHELLE MINDEN, in her individual capacity: Paddock has not submitted evidence that she served this Defendant.

MIRANDA SQUIBB, in her individual capacity; Paddock has not submitted evidence that she served this Defendant.

JASMINE OLMEDO, in her individual capacity: Paddock has not submitted evidence that she served this Defendant.

ARACELI LUNA, in her individual capacity: Paddock has not submitted evidence that she served this Defendant.

CALDWELL POLICE DEPARTMENT: Paddock correctly served the Caldwell Police Department (Dkt. 13), however, it is not a proper party. Except in extremely limited circumstances—none of which are present here—a police department cannot be sued in its individual capacity because police departments are subdivisions of municipalities such as cities or counties. *See Duarte v. City of Nampa*, No. CV 06 480 S

---

[1] Pursuant to Federal Rule of Civil Procedure 4(e)(1), state law governs service of process.

MHW, 2007 WL 1381784, at *3 (D. Idaho Mar. 13, 2007). Insofar as Paddock has sued Canyon County—albeit incorrectly—the County is the proper defendant, not Caldwell Police Department. Accordingly, the Court hereby dismisses the Caldwell Police Department.

OFFICER T. EDWARDS, in his individual capacity: Paddock has not submitted evidence that she served this Defendant.

OFFICER DEFUR, in his individual capacity: Paddock has not submitted evidence that she served this Defendant.

The above summary aside, numerous Defendants in this case may be immune from suit and/or may be improper Defendants. Paddock's Complaint lacks sufficient facts as to specific defendants for the Court to make such a determination.[2] At this juncture, however, the Court can determine two things: (1) the Caldwell Police Department is not a proper defendant; therefore, the Court will dismiss it; (2) the remaining Defendants—who have yet to appear and that Paddock seeks default against—have either not been served correctly or the Court has no record of Paddock serving them at all.

In conclusion, Paddock's Motion is not ripe. Not only has the Court not entered Rule 55(a) clerk's entry of default—therefore precluding a motion under Rule 55(b)

---

[2] The named individual Defendants in this suit are either Idaho Department of Health and Welfare employees or police officers. Without going into a lengthy discussion regarding the Federal Civil Rights Act of 1964 and the Idaho Human Rights Act, it suffices the Court to note that many of these defendants are likely immune from suit, and/or this entire lawsuit is premature. As with the Defendants who have appeared and filed Motions to Dismiss, once Paddock properly serves the remaining Defendants, the Court can address these issues.

seeking default judgment—but Paddock has failed to properly serve the defendants she seeks default against.

## III. ORDER

1. For all the reasons outlined above, Paddock's Motion For Default Judgment (Dkt. 47) is DENIED.

2. Defendant Caldwell Police Department is DISMISSED as an improper party.

DATED: April 20, 2018

David C. Nye
U.S. District Court Judge